IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH HEMBLING, PATRICIA KULESA, and STEWART CONNARD,<br><br>Plaintiffs,<br><br>v.<br><br>VIRIDIAN ENERGY, LLC,<br><br>Defendant. | NO. 3:15-CV-01258-CSH<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

Plaintiffs, Elizabeth Hembling, Patricia Kulesa, and Stewart Connard (collectively, "Plaintiffs"), file this Amended Class Action Complaint ("Amended Complaint") on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, against Defendant, Viridian Energy, LLC ("Viridian," the "Company," or "Defendant"), an unregulated re-seller of natural gas and electricity.[1]

---

[1] Crius Energy LLC, Michael J. Fallquist, and Robert A. McFadden have been voluntarily dismissed from the Amended Complaint without prejudice. This change, along with a correction of the spelling of Plaintiff Stewart Connard, is reflected in the above case caption.

Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief based upon, among other things, the investigation conducted by their attorneys.

## **NATURE OF THE CASE**

1. Plaintiffs bring this class action individually and on behalf of the Classes defined below against Viridian to obtain relief, including, among other things, damages and declaratory relief. Plaintiffs seek redress for Viridian's systematic breaches of its consumer contracts and the duty of good faith and fair dealing implied therein.

2. Viridian lures its customers into contracting to purchase gas and/or electricity from it. Viridian does so by promising prospective customers savings from the rates charged by regulated utilities that supply gas and/or electricity to the consuming public.

3. These contracts provide, among other things, that any fluctuations in Viridian's pricing for its variable rate customers will be tied to the market rates in the wholesale power market—specifically, that they will be "based on wholesale market conditions" or based on various "market price related factors." In reality, however, the fluctuations in Viridian's pricing bear no correlation to changes in market conditions or market-price related factors, as is evidenced by the fact that Viridian's rates are often five to six times higher than those of the public utilities. Thus, Viridian regularly breaches its contracts with its customers.

4. Likewise, by charging its customers unjustifiable and unreasonable rates for gas and/or electricity purchased from it, Viridian violated the covenant of good faith and fair dealing implicit in all contracts.

**JURISDICTION AND VENUE**

5. This action has been commenced by Plaintiffs on behalf of themselves and all others similarly situated (*i.e.*, all present and former retail customers of Viridian who purchased natural gas and/or electricity from it).[2]

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiffs and Defendant are of diverse citizenship and the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs; and pursuant to 28 U.S.C. § 1332(d)(2), because the Plaintiffs and the vast majority of the members of the Class are of diverse citizenship from Viridian and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. There are more than 10,000 Class members.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and was initiated here, Defendant has regularly conducted business in this District, and Defendant is subject to personal jurisdiction in this District.

**PARTIES**

8. Plaintiff Patricia Kulesa ("Plaintiff Kulesa") is a citizen of New Jersey. During the relevant period, Plaintiff Kulesa switched energy suppliers from her local regulated utility to Viridian. Viridian's sales representative ("IVAs"), using essentially uniform "scripts" provided by the Company, made the specific promise that she would save money each month in her

---

[2] Viridian has customers in at least the states of California, Connecticut, Delaware, Illinois, Indiana, Massachusetts, Maryland, New Jersey, New York, Ohio, Pennsylvania, Virginia, and Washington D.C. and does business through corporate affiliates elsewhere. It is planning to commence selling energy to retail customers in Texas and other states later this year.

3

consumption of gas and electricity over the rates charged by her local provider. As a result of the IVA's representations, Plaintiff Kulesa signed up for Viridian's variable rate plan for her own personal use.  Plaintiff Kulesa's purchase of energy from Viridian was subject to Viridian's New Jersey Terms & Conditions ("the New Jersey Contract").  The New Jersey Contract provides, in relevant part, that the "Variable Price" of energy "may fluctuate from month to month based on wholesale market conditions." Once she began being billed by the Company for the energy purchased from Viridian, Plaintiff Kulesa did not obtain the savings promised by the Viridian IVA and implicit in her contract.  Plaintiff Kulesa paid substantially more for her energy than she would have had she stayed with her previous provider. When she complained to Viridian, it offered Plaintiff Kulesa a refund of $221, which amount was never paid.

9.     Plaintiff Stewart Connard ("Plaintiff Connard") is a citizen of Maryland.  He owns homes in Maryland and Delaware.  He contracted with Viridian based upon the specific promise that he would save money each month in his consumption of energy over the rates charged by his local providers.  During the relevant period, Plaintiff Connard signed up for Viridian for both his homes: for his Maryland home, he switched from Potomac Electric Power Company ("Pepco") to Viridian, and for his Delaware home, he switched from Delmarva Power to Viridian.  Plaintiff Connard's purchase of energy from Viridian in Maryland was subject to Viridian's Maryland Terms & Conditions ("the Maryland Contract").  The Maryland Contract is substantially similar to the New Jersey Contract, though it contains slightly different wording as to how the variable rate would be calculated.  The Maryland Contract provides, in relevant part, that the "variable price" of energy "may fluctuate from month-to-month generally based on such factors as load ratio, energy market pricing, transmission costs, company operating factors and

4

other market price related factors." Plaintiff Connard's purchase of energy from Viridian in Delaware was subject to Viridian's Delaware Terms & Conditions ("the Delaware Contract"). Upon information and belief, the Delaware Contract is identical in all relevant respects to the New Jersey Contract. Plaintiff Connard paid more for his energy in both Maryland and Delaware than he would have had he continued his pre-existing relationships with his previous providers and did not obtain the promised savings in his energy consumption.

10. Plaintiff Elizabeth Hembling ("Plaintiff Hembling") is a citizen of Maryland. She contracted with Viridian following a specific promise that she would save money each month in her consumption of energy over the rates charged by her local provider. In or around July 2013, Plaintiff Hembling switched her energy supplier from Baltimore Gas and Electric ("BGE") to Viridian. Plaintiff Hembling's purchase of energy from Viridian was subject to the Maryland Contract. After the expiration of Plaintiff Hembling's fixed rate term, Viridian, without notice, switched her to a variable rate plan. At that point her energy bill skyrocketed, substantially increasing each month. Viridian's electric rates were 82% higher than BGE's rates in April 2014 and continued to increase to 109% higher by November 2014. Thus, Plaintiff Hembling did not obtain the promised savings on her energy consumption.

11. Defendant Viridian Energy, LLC is a Nevada corporation with its principal place of business at 1055 Washington Blvd., Stamford, Connecticut.

12. Viridian procures natural gas and electricity that is resold to members of the Class in various wholesale energy markets, including both physical and financial markets and through short-term and long-term contracts. The Company procures its wholesale energy requirements at

various utility load zones for electricity and various city gates for natural gas, based on actual and estimated energy usage by its customers and their location.

13. Viridian had a gross profit margin on sales of approximately 30 percent, before deduction of selling expenses which are believed to be mostly on a commission basis.

## FACTUAL ALLEGATIONS

13. Until recently, electricity and natural gas were supplied and distributed solely by regulated local utility companies. Over the last several years, however, a number of states have begun to change the regulations in the energy industry to enhance competition between energy providers. Ultimately, they became de-regulated and many of such companies took advantage of such circumstances.

14. In theory, the deregulation of energy is supposed to allow consumers to shop around for the best energy rates. In fact, Defendant exploits deregulated markets, by systematically failing to honor its promise to price its energy based on market conditions as set forth in its standardized contracts and/or as represented by its IVAs.

15. Viridian consistently fails to honor the agreements it makes with its customers and charges them rates for energy that not only do not result in the promised savings, but result in higher prices. The contracts provide, among other things, that any fluctuations in the price of Viridian's variable rate energy will reflect changes in the wholesale power market. Specifically, they state that price changes will be "based on whole market conditions," or "based on" various "market price related factors." Such terms clearly imply that the rates charged by Viridian to its customers will parallel "market rates" and consistently generate savings over the rates charged by the local regulated utilities.

16. In reality, however, the fluctuations in Viridian's pricing bear no correlation to changes in market conditions. This is evidenced by the fact that Viridian's rates charged to consumers can be five to six times higher than those charged by public utilities, and by the fact that drops in the market rates for energy are frequently not reflected in Viridian's energy prices.

17. Moreover, Viridian's costs, other than its wholesale cost of power, were relatively fixed and could not have justified the increases alleged above. For example, charges for ancillary and capacity charges and other regulatory costs do not fluctuate to any material extent and, in particular, do not fluctuate to a material extent in relation to wholesale energy prices. Viridian's other material costs are for operations, and included costs, for example, relating to rent, equipment, overhead, employees, etc. are also relatively fixed and do not justify the price variations alleged above.

18. To the extent the contracts provide Viridian with some discretion in its setting of prices, Viridian abused this discretion, by charging Plaintiffs rates contrary to their justifiable expectations based upon their reasonable understandings of the agreements' terms and/or what was promised by IVAs.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs bring this suit as a class action on behalf of themselves and all others similarly situated Viridian customers (the "Class") pursuant to Fed. R. Civ. P. 23. Plaintiffs seek to represent the following Class and Sub-Classes ("the Classes"):

a. All persons who are or have been enrolled in a Viridian Energy, Inc. variable rate plan in Arizona, California, Connecticut, Delaware, Hawaii, Illinois, Indiana, Massachusetts, Maryland, New Jersey, New York, Ohio, Oregon, Pennsylvania, Virginia, Washington, D.C., as well as within each other state wherein substantially the same business practices are carried out ("the Class");

  b. All persons who are or have been enrolled in a Viridian Energy, Inc. variable rate plan in Maryland ("the Maryland Sub-Class");

  c. All persons who are or have been enrolled in a Viridian Energy, Inc. variable rate plan in Maryland ("the New Jersey Sub-Class"); and

  d. All persons who are or have in enrolled in a Viridian Energy, Inc. variable rate plain in Delaware ("the Delaware Sub-Class").

  20. Excluded from the Classes are Defendant, including any parent, subsidiary, affiliate or person controlled by Defendant; Defendant's officers, directors, agents, employees, or IVAs; the judicial officers assigned to this litigation; and members of their staffs and immediate families.

  21. Plaintiffs reserve the right to modify the definition of the Classes upon completion of discovery addressed to certification of the Classes.

  22. The exact number of Class members is unknown as such information is in the exclusive control of Viridian. Plaintiffs, however, believe that the Class and Sub-Classes each encompass thousands of individuals dispersed throughout Maryland, New Jersey, Delaware, and the nation. Therefore, the number of persons who are members of the Classes described above are so numerous that joinder of all members in one action is impracticable.

  23. Questions of law and fact that are common to the Classes predominate over individual questions because the actions of Defendant complained of herein were generally applicable to the Classes.

  24. These legal and factual questions include, but are not limited to:

   a. Whether Viridian breached its contracts with the members of the Classes;

      b.   Whether Viridian breached the covenant of good faith and fair dealing with Class members;

      c.   Whether Plaintiffs and the Class suffered damages as a result of Defendant's misconduct as described herein and, if so, the proper measure of damages.

25.    Plaintiffs' claims are typical of those of other Class members because Plaintiffs and all Class members were injured by the same wrongful practices of Defendant as described in this Amended Complaint. Plaintiffs' claims arise from the same practices and course of conduct that gives rise to the claims of all Class members, and are based on the same legal theories.

26.    Questions of law or fact common to Class members predominate and a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by Class members are likely to be very substantial, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are, as a general matter, too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate individual claims is remote and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues. Plaintiffs know of no difficulty to be encountered in

the management of this action that would preclude its maintenance as a class action and certification of the Classes under Rule 23(b)(3) is proper.

27. Plaintiffs have no interests that are contrary to or in conflict with those of the Classes they seek to represent.

28. Viridian has acted or refused to act on grounds generally applicable to all members of the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

## CAUSE OF ACTION
## BREACH OF CONTRACT/COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiffs and all members of the Class entered into contracts with Viridian pursuant to which it was to charge them for energy supplied. Implicit in such contracts was Viridian's duty to act in good faith vis-à-vis its customers and treat them fairly.

30. At all times relevant, Viridian had total control of the energy charges that were made to its customers and determined unilaterally the prices for energy that would be charged to them.

31. Notwithstanding its duty of good faith and fair dealing with respect to its dealings with consumers, including Plaintiffs and the Class members, Viridian unilaterally charged them excessive prices that were not imposed in good faith or fairly.

32. Furthermore, while Viridian promised its customers savings over local regulated utility rates and agreed to set its rates based on "wholesale market conditions" and "market related factors," it, in fact, set its rates based solely on what the market could bear.

33. Viridian breached its contractual obligations by failing to set rates in response to market conditions and market related factors.

34. In so doing, Viridian acted recklessly, maliciously, in bad faith, unfairly and without good cause, thereby preventing Plaintiffs and the Class members from receiving their reasonably expected benefits under the terms that were promised to them.

35. As a direct and proximate result of Viridian's breach of its contracts' terms and covenants of good faith and fair dealing, Plaintiffs and Class members have suffered damages in an amount to be determined at trial or otherwise.

36. Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Viridian for damages and declaratory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for a judgment to be entered upon Defendant as follows:

A. Appointing Plaintiffs as the representatives of the Class and respective Sub-Classes and their counsel as Class counsel;

B. For economic and compensatory damages on behalf of Plaintiffs and all Class members;

C. For actual damages sustained;

D. For all other actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiffs and Class members are entitled;

E. For injunctive relief, compelling Defendant to cease its unlawful actions and to account to Plaintiffs for their unjust enrichment;

F.  For reasonable attorneys' fees, reimbursement of all costs for the prosecution of this action, and pre-judgment and post-judgment interest; and

G.  For such other and further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues within the instant action so triable.

Dated: December 22, 2015            Respectfully submitted,


By /s/Laurie Rubinow
Laurie Rubinow (ct27243)
James E. Miller (ct21560)
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
lrubinow@sfmslaw.com
jmiller@sfmslaw.com

Charles J. LaDuca
Beatrice Yakubu
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD  20814
Telephone:  (202) 789-3960
byakubu@cuneolaw.com


Richard D. Greenfield
Marguerite R. Goodman
Greenfield & Goodman, LLC
250 Hudson Street-8th Floor
New York, NY 10013
Telephone: (917) 495-4446
rdg@twowhitehats.com

12

Taylor Asen
Cuneo Gilbert & LaDuca, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
tasen@cuneolaw.com

*Counsel for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 22, 2015, a copy of the foregoing Amended Class Action Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

             /s/ Laurie Rubinow
             Laurie Rubinow (ct27243)
             SHEPHERD, FINKELMAN, MILLER
              & SHAH, LLP